# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **JASON THOMAS,** | } |
| **Plaintiff,** | } |
| v. | } |
| | } Case No.: 2:17-cv-01549-RDP |
| **NUCOR STEEL BIRMINGHAM, INC.,** | } |
| **Defendant.** | } |

## **MEMORANDUM OPINION**

This case is before the court on the Motion to Dismiss or, Alternatively, Motion for More Definite Statement (Doc. # 3) filed by Defendant Nucor Steel Birmingham Inc. ("Nucor" or "Defendant"). The parties have fully briefed the Motion to Dismiss. (Docs. # 3, 6, 7). For the reasons explained below, the Motion to Dismiss (Docs. # 3) is due to be granted in part and denied in part. With respect to those claims that are not subject to dismissal, the Motion for More Definite Statement (Doc. # 3) is due to be granted.

**I.     Background**[1]

On January 1, 2012, Plaintiff began his employment with Nucor as a day shop mechanic in the Rolling Mill department. (Doc. # 1 at ¶¶ 12-13). At that time, Nucor assigned him a level six pay grade. (*Id.* at ¶ 13). Plaintiff alleges that Caucasian day shop mechanics in his department of equal or similar experience, skill, or qualifications to him were given higher pay

---

[1] "A Rule 12(b)(6) motion questions the legal sufficiency of a complaint; therefore, in assessing the merit of a Rule 12(b)(6) motion, the court must assume that all the factual allegations set forth in the complaint are true." *Mays v. U.S. Postal Serv.*, 928 F. Supp. 1552, 1557-58 (M.D. Ala. 1996). Thus, for the purpose of resolving Defendant's Motion to Dismiss under Rule 12(b)(6), the court treats the facts alleged in the Complaint (Doc. # 1) as true.

1

grades than he was and that Caucasian day shop mechanics in his department of lesser experience, skill, or qualifications were given the same pay grade as he was. (*Id.* at ¶¶ 14-15). Plaintiff further alleges that he was denied promotions and not allowed to fully participate in Nucor's bid process to apply for promotions although he was qualified to do so; however, he asserts that Caucasian employees with less experience, skills, and qualifications were given promotions and increased pay grades. (*Id.* at ¶¶ 16-17).

In September 2013, Plaintiff received a lateral transfer (i.e., at the same pay grade) out of the Rolling Mill department. (*Id.* at ¶ 18). In February 2015, Plaintiff alleges that he was not allowed to bid on an opening for Mechanical Supervisor in the Melt Shop and that an unnamed Caucasian male with less or similar qualifications and experience received this job. (*Id.* at ¶ 22). In August 2015, Plaintiff alleges that he was not allowed to bid on an opening for Mechanical Lead and that an unnamed Caucasian male with less or similar qualifications and experience received that job. (*Id.* at ¶ 23). Nucor assigned Plaintiff to a Shift Mechanic position at a level eight pay grade[2] in September 2015. (*Id.* at ¶ 24). This pay raise was Plaintiff's first since he began working for Defendant. (*Id.* at ¶ 25).

Throughout his employment with Nucor, Plaintiff alleges that multiple unidentified Caucasian employees with less experience, work time at Nucor, skills, and qualifications received increased pay grades, were hired at a higher job position or pay grade than Plaintiff, and became Shift Mechanics more quickly than Plaintiff did. (*Id.* at ¶¶ 26-27, 35-36). Plaintiff also alleges that Nucor gave Caucasian employees (but not Plaintiff) additional training to help them advance and that Nucor held Plaintiff to a heightened standard, racially discriminated against him, excessively micromanaged him, harassed him, and disciplined him disproportionately and

---

[2] Plaintiff states that a level eight pay grade is the lowest pay grade available for this position. (Doc. # 1 at ¶ 24).

2

unequally. (*Id.* at ¶¶ 28-29). Plaintiff claims that Nucor often required him to provide detailed accounts of his completed work, but did not make his Caucasian co-workers do so, and that he received an unequal share of less desirable job duties, such as the most physically demanding jobs. (*Id.* at ¶¶ 30-31).

On March 28, 2016, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). (Doc. # 3-1). The Charge, which was prepared by Plaintiff's attorney, alleges race and color discrimination and violations of Title VII and 42 U.S.C. § 1981. (*Id.*). Plaintiff alleges that after he filed his EEOC Charge he was held to an even higher level of scrutiny and was constantly "nitpicked" by his supervisors although similarly situated Caucasian co-workers were not. (Doc. # 1 at ¶ 32). Plaintiff also claims that he "was given several misleading discipline write-ups that similarly situated Caucasian co-workers did not . . . get." (*Id.* at ¶ 33). On December 21, 2016, Defendant terminated Plaintiff. (*Id.* at ¶¶ 12, 34). Plaintiff alleges that his termination was discriminatory and retaliatory. (*Id.* at ¶ 34).

On June 13, 2017, the EEOC issued Plaintiff a right to sue letter for his 2016 Charge. (Docs. # 1 at ¶ 9; 1-1). On September 11, 2017, within ninety days of receipt of the EEOC's letter, Plaintiff filed a Complaint broadly alleging two counts: (1) violation of Title VII and (2) violation of 42 U.S.C. § 1981. (Doc. # 1). Just before the issuance of the right to sue letter connected to the 2016 Charge, on June 8, 2017, Plaintiff filed another Charge of Discrimination with the EEOC. (*Id.* at ¶ 10). Plaintiff has not provided the court with a copy of the 2017 Charge in his Complaint; however, it appears that Plaintiff alleges retaliation in his second Charge. (*Id.* at ¶ 10). Plaintiff's second EEOC Charge is still being investigated by the EEOC.

(*Id.*).  Plaintiff states that he plans to amend his Complaint when the EEOC issues him a right to sue letter for his second Charge.  (*Id.*).

**II.     Standard of Review**

The Federal Rules of Civil Procedure require that a complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  However, the complaint must include enough facts "to raise a right to relief above the speculative level."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Pleadings that contain nothing more than "a formulaic recitation of the elements of a cause of action" do not meet Rule 8 standards, nor do pleadings suffice that are based merely upon "labels and conclusions" or "naked assertion[s]" without supporting factual allegations.  *Id.* at 555, 557.  In deciding a Rule 12(b)(6) motion to dismiss, courts view the allegations in the complaint in the light most favorable to the non-moving party.  *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007).

To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Although "[t]he plausibility standard is not akin to a 'probability requirement,'" the complaint must demonstrate "more than a sheer possibility that a defendant has acted unlawfully."  *Id.*  A plausible claim for relief requires "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" to support the claim.  *Twombly*, 550 U.S. at 556.

In considering a motion to dismiss, a court should "1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual

4

allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Kivisto v. Miller, Canfield, Paddock & Stone, PLC*, 413 F. App'x 136, 138 (11th Cir. 2011) (quoting *Am. Dental Ass'n. v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010)). That task is context specific and, to survive the motion, the allegations must permit the court based on its "judicial experience and common sense . . . to infer more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679. If the court determines that well-pleaded facts, accepted as true, do not state a claim that is plausible, the claims are due to be dismissed. *Twombly*, 550 U.S. at 570.

A statute of limitations defense is an affirmative defense, and a plaintiff is not obligated to negate a timeliness defense within the former corners of his complaint. *La Grasta v. First Union Securities, Inc.*, 358 F.3d 840, 845 (11th Cir. 2004). "A Rule 12(b)(6) dismissal on statute of limitations grounds is appropriate only if it is facially apparent that the claim is time-barred." *Baker v. Sanford*, 484 Fed. App'x 291, 292 (11th Cir. 2012).

**III. Discussion**

Defendant argues that Plaintiff's Complaint should be dismissed subject to Rule 12(b)(6) because (1) his claims fall outside of the relevant statutes of limitations, (2) his claims fail to satisfy statutory prerequisites,[3] and (3) his allegations are so vague and conclusory that they fail to state plausible claims. (Doc. # 3). Alternatively, Defendant asks that Plaintiff be required to provide a more definite statement under Rule 12(e). (*Id.*). Defendant's arguments for dismissal and requiring a repleading are considered, in turn.

---

[3] Defendant argues that Plaintiff's Title VII retaliation claim should be dismissed for failure to exhaust administrative remedies because Plaintiff's second EEOC charge alleging retaliation remains pending. (Docs. # 3 at p. 9-11; 7 at p. 7-9). Because the court is requiring Plaintiff to amend his Complaint and because, under the current Complaint, it is not clear what specific claims Plaintiff is asserting, the court declines to decide at this point whether Plaintiff exhausted administrative remedies related to his potential Title VII retaliation claim.

5

## A. Where It Is Facially Apparent that Plaintiff's Claims Are Time-Barred, these Claims Are Due to Be Dismissed

In his Complaint, Plaintiff alleges Title VII and § 1981 claims against Nucor. As discussed below, to the extent it is facially apparent that these claims are time-barred based on the applicable statute of limitations, these claims are due to be dismissed.

### 1. Title VII Claims

In a non-deferral state, such as Alabama, a plaintiff may not assert a race discrimination claim under Title VII unless he first files a charge of discrimination with the EEOC within 180 days of the unlawful employment practice. *See* 42 U.S.C. § 2000e-5(e)(1); 29 U.S.C. § 626(d)(1); *Jones v. Dillard's, Inc.*, 331 F.3d 1259, 1263 (11th Cir. 2003), *certified question answered sub nom. Byrd v. Dillard's, Inc.*, 892 So. 2d 342 (Ala. 2004); *Wilkerson v. Grinnell Corp.*, 270 F.3d 1314, 1317 (11th Cir. 2001). Failure to file a timely EEOC charge results in a bar of the claims contained in the untimely charge. *Alexander v. Fulton County, Ga.*, 207 F.3d 1303, 1332 (11th Cir. 2000). However, the limitations period is extended when a discriminatory practice constitutes a continuing violation. *Calloway v. Partners Nat. Health Plans*, 986 F.2d 446, 448 (11th Cir. 1993). When a plaintiff's claim is one for discriminatory wages, the violation recurs on each date the employee receives a pay check reflecting the discriminatory wages; therefore, each discriminatory pay check constitutes a continuing violation of Title VII. *Id.* at p. 448-49 (citing *Bazemore v. Friday*, 478 U.S. 385, 396 n.6).

In this case, Plaintiff filed his EEOC Charge on March 28, 2016. (Doc. # 3-1). Therefore, any alleged past (but not continuing) Title VII violations that occurred prior to September 30, 2015 are due to be dismissed as they are time-barred. These allegations may serve as background evidence but, absent a basis for tolling, are not timely filed. Specifically, the following Title VII discrimination allegations appear to be subject to dismissal on the face of

Plaintiff's judicial compliant: (1) his claim pertaining to his unequal "lateral reassignment" in "September of 2013" (*Id*. at ¶¶ 18-19); (2) his failure-to-promote claim related to a Mechanical Supervisor position "in or around February of 2015" (*Id*. at ¶ 22); and (3) his failure-to-promote claim regarding a Mechanical Lead position "in or around August of 2015" (*Id*. at ¶ 23).[4] However, Plaintiff's claim regarding his pay grade assignment when he was hired "on or about January 1, 2012" (Doc. # 1 at ¶¶ 12-15) alleges a continuing violation of Title VII and is not time-barred. *See Calloway*, 986 F.2d at 448-49.

### 2. Section 1981 Claims

The parties dispute which statute of limitations applies to Plaintiff's § 1981 failure-to-promote claims.[5] Plaintiff argues that a four-year statute of limitations applies to his failure-to-promote claims. (Doc. # 6 at p. 10-14). Defendant, on the other hand, argues that a two-year statute of limitations applies to these claims. (Docs. # 3 at p. 7-8; 7 at p. 3-5).

In *Edwards v. National Vision, Inc.*, the inimitable Judge William Acker explained the history of the various applicable statutes of limitations for § 1981 claims:

> Section 1981 does not contain a statute of limitations. Instead, in 1987, the Supreme Court directed federal courts to determine the statute of limitations for § 1981 claims by applying the most analogous state statute of limitations, which in Alabama is two years. *See Goodman v. Lukens Steel Co.*, 482 U.S. 656, 661, 107 [] (1987). . . . In 1990, Congress enacted a general four year statute of limitations applicable to federal statutes enacted after December 1, 1990, except as otherwise provided by law. 28 U.S.C. § 1658. The next year, in 1991, Congress enacted Section 101(2)(b) of the Civil

---

[4] In his Response to Defendant's Motion to Dismiss, Plaintiff does not address the timeliness of any of his Title VII claims asides from his Title VII retaliation claim. (Doc. # 6). As such, the court finds that Plaintiff has conceded that his Title VII claims involving an alleged unequal reassignment and alleged failures-to-promote that occurred before September 30, 2015 are time-barred.

[5] The longest possible statute of limitations applicable to Plaintiff's § 1981 claims is four years. *Baker v. Birmingham Bd. of Educ.*, 531 F.3d 1336, 1339 (11th Cir. 2008). However, "there are certain exceptions to the statute of limitations made in Title VII and § 1981 cases." *Lane v. Ogden Entm't, Inc.*, 13 F. Supp. 2d 1261, 1270 (M.D. Ala. 1998). "These occur where there is a pattern of discrimination by the employer that can be accurately termed a 'continuing violation.'" *Id.*

> Rights Act of 1991, which altered § 1981. The statutory "catchall" four year statute of limitation is only applicable to new causes of action that were not cognizable under § 1981 prior to the enactment of § 1658. *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 381 [] (2004). Otherwise, the two year statute of limitations period still applies.

946 F. Supp. 2d 1153, 1170 (N.D. Ala. 2013), *aff'd*, 568 F. App'x 854 (11th Cir. 2014) (finding that the two-year, not the four-year, statute of limitations applied to a plaintiff's failure-to-warn claim because the plaintiff's "claim was cognizable under § 1981 prior to the 1991 amendment"); *see Barclay v. First Nat'l Bank of Talladega*, -- F. Supp. 3d --, No. 1:14-cv-01573-KOB, 2016 WL 1270519, at *6 (N.D. Ala. Mar. 31, 2016) ("Causes of action that were viable under § 1981 as originally enacted remain subject to the two-year statute of limitations."). For a failure-to-warn claim to be cognizable under § 1981 prior to the 1991 amendment, the promotion must "rise[] to the level of an opportunity for a new and distinct relation between the employee and the employer." *Patterson v. McLean Credit Union*, 491 U.S. 164, 185 (1989). "There is no bright line rule as to what promotions create a 'new and distinct relationship.'" *Edwards*, 946 F. Supp. 2d at 1170. "In assessing whether a promotion creates a 'new and distinct relation' with the employer, courts consider a number of factors, including pay, duties, responsibilities, status as hourly or salaried employee, method of calculating salary, required qualifications, daily duties, potential liability and other benefits." *Barclay,* 2016 WL 1270519, at *6 (internal quotations omitted). At this early stage in the litigation, the court finds that Plaintiff's Complaint does not provide sufficient facts for the court to conclude that his failure-to-promote claims are viable under § 1981 as originally enacted and, therefore, subject to a two-year statute of limitations.[6]

---

[6] To be clear, the court has not determined whether a two-year statute of limitations applies to Plaintiff's § 1981 failure-to-promote claims and reserves the right to make this judgment at a later date, if necessary.

### B. Plaintiff's Complaint Does Not Meet Applicable Pleading Standards

Plaintiff's Complaint includes two counts: "Violation of Title VII" (Count One) and "Violation of 42 U.S.C. § 1981" (Count Two). (Doc. # 1). Within each of these counts, Plaintiff incorporates multiple claims. For instance, Count One mentions both retaliation and discrimination, and Count Two does the same. (*Id.* at p. 8-10). In addition, many of Plaintiff's factual allegations are conclusory or lacking in sufficient detail for Defendant to reasonably prepare a response. (*See* Doc. # 1 at ¶¶ 14-17, 19-21, 26-33, 36). Defendant has requested that Plaintiff be required to replead his Complaint with more specificity so that it can have adequate notice of what it is defending. (Doc. # 3). The current complaint is a classic shotgun pleading. *See Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015). Accordingly, the court agrees that an amended pleading that includes counts containing no more than one discrete theory (*i.e.*, retaliation, discrimination, harassment, etc.) for relief and allegations of fact, and not conclusion, that support each discrete claim is necessary. As such, Defendant's Motion for More Definite Statement (Doc. # 3) is due to be granted.

### IV. Conclusion

For the reasons asserted herein, Defendant Nucor's Motion to Dismiss (Doc. # 3) is due to be granted in part and denied in part, and the Motion for More Definite Statement (Doc. # 3) is due to be granted. Plaintiff's reassignment and failure-to-promote Title VII claims involving events that occurred prior to September 30, 2015 are due to be dismissed with prejudice as they are time-barred and, therefore, incurable. A separate Order consistent with this Memorandum Opinion will be contemporaneously entered.

**DONE** and **ORDERED** this June 7, 2018.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE